# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY BRUCE SESSON, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00676-PLC |
| | ) | |
| DET. CRYSTAL RUHMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Johnny Bruce Sesson, III's application to proceed in the district court without prepaying fees or costs. Having reviewed the application, the Court finds Plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $21.47. Furthermore, after initial review, the Court will issue process on the complaint as to Defendant Detectives Crystal Ruhman, Matthew Geisman, and Joseph Percich in their individual capacities.

**Initial Partial Filing Fee**

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency

having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a detailed ledger of credits and debits from his inmate account at the St. Louis County Jail for the time period July 21, 2019 to May 22, 2024. Based on this information, the Court finds that for the six-month time period prior to filing his lawsuit, Plaintiff had an average monthly deposit of $107.36. The Court will assess an initial partial filing fee of $21.47, which is twenty percent of his average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within

the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 alleging Defendant Detectives Crystal Ruhman, Matthew Geisman, and Joseph Percich violated his constitutional rights by using excessive force during his questioning. He also pleads state law claims of assault and battery. He sues Defendants in both their individual and official capacities.

Plaintiff states on December 21, 2020, in an unrelated incident, he suffered four or five gunshot wounds to his left thigh and hand. His injuries were severe: he ruptured a tendon, required twenty stitches and a rod in his arm, and required a rod and screws in both his left thigh and left hand. His stomach had been shot and stitched back together. And his small intestine had to be dissected and resected.

On February 3, 2021, he was detained and questioned in St. Charles County, apparently by St. Charles County officers.[1] Then "St. Louis County comes to get me I sit in case for 2 days between St. Charles and St. Louis County unable to walk or stand on [cane.]" ECF No. 1 at 4.

---

[1] It is unclear from the complaint where some of Plaintiff's questioning took place. Because it is not material to this case, the Court will simply use its best efforts to piece together the story.

Detective Crystal Ruhman questioned Plaintiff and took his cane away, saying it was a security risk.

On February 5, 2021, Ruhman took Plaintiff out of the St. Louis County Jail and to St. Mary's Hospital. At this time Plaintiff was not mobile but proceeded as best he could. He states Ruhman became agitated. At the hospital, he was placed in a room and Detective Geisman was already there. Doctors treated only Plaintiff's eyes. He sought more medical attention, and the officers said a physician would take care of him. The physician only looked at his wounds and said Plaintiff's doctor would handle it at the St. Louis County Jail or at Barnes-Jewish Hospital. Plaintiff states that he begged for medical attention.

Detectives Ruhman and Geisman continued questioning Plaintiff about his involvement in a case they were investigating.[2] At some point, Plaintiff states he felt he was being badgered and asked for a lawyer. He states that the detectives then left to get a warrant. Plaintiff described what happened next as follows:

> So I get sleepy and try to sleep[.] I'm shot all up and I have to use the bathroom and I'm catastrophically, mortally wounded to oblivion I'm barely able to use my leg and arm rods new bone on me[t]al screws scratching the metal and my stomach squeezing blood[,] yes blood[,] out of it and also my legs and but my stomach was ripped open by a bullet just days prior to this event[.] I have no pain meds I've been sleeping on concrete when I'm supposed to be rehabbing my new body and limbs.
>
> So we get into an argument[.] I hit the wall with the chair thinking they have me in a building on a Saturday in a government building and I just left Clayton Jail they [could have] questioned me there plus in addition your honor I'm a legal crippled person beyond [extent.] It's very recognizable[.] [T]hey call me out with may[be] I did try to rearrange my cuffs and manage but it was because I was injured[.] Everybody [knows that for] arm injuries officers apply front cuffs.

---

[2] The Court cannot determine whether these events occurred at St. Mary's Hospital or at the St. Louis County Jail booking room.

> So [the Officer] Joseph Percich calls [] Crystal Ruhman and I lay on my face comfortable thinking it's over[.] [T]hey grabbed my hair and dreads and beat me and [maced] me and rode my back saying stop resisting[.] God as my witness busting my nose and bus[t]ing my stitches open and blacking my eye also my leg stitches were sticking out from them jumping on me and digging in my arms[.] [P]lease watch the camera. . . .
>
> Long story short I sustained a busting bell[y] from existing wounds [sutures] exposing out my stomach and also blood and [mace] and a black eye[.] They just surprised me saying stop resisting. I said what the heck are you talking about please. Don't kill me I was thinking they're going to kill me 3 officers and two angels came[.] [O]fficers I said help help and the officer said who is it I said I'm in here I'm in here they stopped going so hard but Percich and Ruhman[, and] Geisman were suffocating me."

ECF 1 at 4.

Plaintiff states these events occurred while he was handcuffed. *Id*. For damages, Plaintiff seeks $1,190,000 in compensatory damages and $300,000 in punitive damages.[3]

## Discussion

Plaintiff alleges Defendants used excessive force in violation of his Fourth Amendment rights. "The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018); *see also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"); *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen"). The violation

---

[3] Plaintiff's complaint contains two more paragraphs that are illegible. *See* ECF No. 1 at 4.

of this right is sufficient to support an action under 42 U.S.C. § 1983. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

Whether force is excessive under the Fourth Amendment requires a determination of whether law enforcement officers' actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). Here, Plaintiff alleges he was maced and severely beaten while wearing handcuffs. He states that at the time of the attack, he was recuperating from five gunshot wounds that caused severe and debilitating injuries, required multiple surgeries, and he was walking with a cane.

Viewing the alleged facts in the light most favorable to Plaintiff, the Court finds he has stated a plausible claim that Defendants used excessive force in violation of his constitutional rights. Plaintiff has also stated plausible state court claims of assault and battery. The Court will issue service on Defendants Detective Crystal Ruhman, Detective Joseph Percich, and Detective Matthew Geisman in their individual capacities.

The Court will dismiss, however, Plaintiff's claims brought against Defendants in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"). In order to prevail

on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).

Section 1983 liability against local government units is limited. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be stated to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*; *see also Kiefer v. Isanti Cnty., Minn.*, 71 F.4th 1149 (8th Cir. 2023) (finding county cannot be held liable under § 1983 unless it violated an official policy, unofficial custom, or was deliberately indifferent in training and supervision).

Plaintiff's suit against the Defendant St. Louis County Detectives in their official capacities is actually a suit against St. Louis County. Because Plaintiff has not alleged St. Louis County violated any official policy, unofficial custom, or failed to train and supervise its employees, his claims against the Defendants brought in their official capacities must be dismissed. *See De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $21.47 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process on Plaintiff's complaint as to Defendant Detectives Crystal Ruhman, Matthew Geisman, and Joseph Percich in their individual capacities by serving them at the St. Louis County Police Department, 7900 Forsyth Boulevard, Clayton, Missouri 63105.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendant Detectives Crystal Ruhman, Matthew Geisman, and Joseph Percich in their official capacities are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

An Order of Partial Dismissal will accompany this Opinion, Memorandum and Order. Dated this 5th day of September, 2024.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE